UNITED STATES, Appellee

v.

Cameron T. FELDER
Private
U.S. Army, Appellant

No. 04-0027

Crim. App. No. 20021011

United States Court of Appeals for the Armed Forces

Argued March 2, 2004

Decided May 5, 2004

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, BAKER, and ERDMANN, JJ., joined.

Counsel

For Appellant: Captain Terri J. Erisman (argued); Colonel Robert D. Teetsel, Lieutenant Colonel Mark Tellitocci and Major Allyson G. Lambert (on brief).

For Appellee: Lieutenant Colonel Randy V. Cargill (argued); Colonel Lauren B. Leeker and Lieutenant Colonel Margaret B. Baines (on brief).

Military Judge: John J. Carroll III

THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.

Chief Judge CRAWFORD delivered the opinion of the Court.

Before a military judge sitting alone as a special court-martial, Appellant, pursuant to his pleas, was convicted of two specifications of failing to go to his appointed place of duty, absence without leave, disobeying a commissioned officer, disobeying a noncommissioned officer, and two specifications of assault, in violation of Articles 86, 90, 91, and 128, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 990, 991, and 928 (2000), respectively. He was sentenced to confinement for five months and a bad conduct discharge. The military judge awarded 32 days of credit for Appellant's pretrial confinement. In accordance with the pretrial agreement, the convening authority approved only 135 days of confinement and the punitive discharge, and waived the automatic forfeitures, directing payment to Appellant's children. The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion. United States v. Felder, ARMY No. 20021011 (A. Ct. Crim. App. July 22, 2003).

This Court granted review of the following issue:

WHETHER THE ARMY COURT OF CRIMINAL APPEALS ERRED BY SUMMARILY AFFIRMING APPELLANT'S CONVICTION WHERE THE MILITARY JUDGE FAILED TO DISCUSS ANY OF THE PROVISIONS OF THE PRETRIAL AGREEMENT WITH APPELLANT PRIOR TO ACCEPTING HIS PLEAS, IN VIOLATION OF THIS COURT'S HOLDINGS IN UNITED STATES V. GREEN, 1 M.J. 453 (C.M.A. 1976) AND UNITED STATES V. KING, 3 M.J. 458 (C.M.A. 1977).

2

BACKGROUND

Before accepting Appellant's guilty plea, the military judge conducted the providence inquiry required by United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969). The judge's inquiry into Appellant's plea agreement did not include an inquiry into Appellant's waiver of motions for relief under Article 13, UCMJ, 10 U.S.C. § 813 (2000).

DISCUSSION

A servicemember's decision to plead guilty at court-martial, as well as the plea agreement related to that decision, have long been the subject of scrutiny by courts and commentators. "Because there are potential dangers in the abuse of this abbreviated method of disposing of charges, a number of safeguards have been included." David A. Schleuter, Military Criminal Justice 372 (5th ed. 1999). This Court has emphasized the importance of the providence inquiry as it relates to guilt or innocence, see Article 45, UCMJ, 10 U.S.C. § 845 (2000); Rule for Court-Martial 910(c)-(e) [hereinafter R.C.M.]; Care, 18 C.M.A. at 541-42, 40 C.M.R. at 253-54, and that portion of the inquiry relating to the critical role that a military judge and counsel must play to ensure that the record reflects a clear, shared understanding of the terms of any pretrial agreement between the accused and the convening authority. R.C.M. 910(f);

United States v. King, 3 M.J. 458 (C.M.A. 1977); United States v. Green, 1 M.J. 453 (C.M.A. 1976).  Likewise, we have not hesitated to examine the provisions of such an agreement, particularly when they purport to waive the accused's right to trial.  "Let there be no mistake, however:  we will continue to strike hard where the circumstances describe a command-sponsored clause which would violate the institutional safeguards an accused has under the Uniform Code of Military Justice."  United States v. Jones, 23 M.J. 305, 308 (C.M.A. 1987).  It is paramount that we ensure there is a knowing, voluntary plea and that the "accused understands the agreement" and the "terms" of that agreement.  R.C.M. 910(f)(4).

In the instant case, the military judge's inquiry into Appellant's pretrial agreement, including the judge's failure to assess Appellant's "Article 13 and restriction tantamount to confinement" waiver, fell short of that required by R.C.M. 910(f)(4) and United States v. McFadyen, 51 M.J. 289 (C.A.A.F. 1999).  Although these deficiencies constitute legal error, for the reasons set forth below, we affirm the decision of the Court of Criminal Appeals.

R.C.M. 910(f) is designed to ensure that an accused knows the terms of the pretrial agreement.  The accused must know and understand not only the agreement's impact on the charges and specifications which bear on the plea, the limitation on the

4

sentence, but also other terms of the agreement, including consequences of future misconduct or waiver of various rights. As to the latter, in McFadyen, we required that

> where a military judge is faced with a pretrial agreement that contains an Article 13 waiver, the judge should inquire into the circumstances of the pretrial confinement and the voluntariness of the waiver, and ensure that the accused understands the remedy to which he would be entitled if he made a successful motion.

51 M.J. at 291.

In his pretrial agreement, Appellant promised to enter into a stipulation of fact, request trial by judge alone, use stipulations in lieu of personal appearance by witnesses not located at Fort Bragg, and waive motions for sentence credit based on "Article 13 and restriction tantamount to confinement." Appellant made these promises in exchange for a limitation on the sentence. The agreement also provided four grounds for permissive cancellation: (1) modification of the stipulation without Appellant's consent; (2) withdrawal from the agreement by Appellant prior to his pleas being accepted by the military judge; (3) Appellant's failure to fulfill any material promise in the agreement; and (4) disagreement as to a material term in the agreement. The agreement itself contains no impermissible terms. R.C.M. 705(c)(1)(B); see, e.g., United States v. Cummings, 17 C.M.A. 376, 38 C.M.R. 174 (1968)(error to waive due process).

5

In separate inquiries, the military judge ensured that Appellant's choice of forum and entry into a stipulation of fact were knowing and voluntary, and Appellant has not asserted otherwise. Appellant offered no stipulations of expected testimony and has not averred that he would have done differently had his pretrial agreement not contained this provision. The stipulation of fact was not modified without Appellant's consent, Appellant did not attempt to withdraw from the agreement, he did not fail to fulfill any material promise contained in the agreement, nor has there been any disagreement regarding a material term of the agreement. Appellant's defense counsel informed the military judge on the record that Appellant had not been punished in any way cognizable under Article 13 and did not raise the issue in his R.C.M. 1105 matters. In McFadyen, we specifically recognized waiver of Article 13 motions as a permissible plea agreement term.

Finally, we note that the convening authority's action complies with the agreement. In sum, there is no evidence or representation before this Court that Appellant misunderstood the terms of his agreement, that the operation of any term was frustrated, that Appellant's participation in the agreement was anything other than wholly voluntary, or that he was subject to illegal punishment or restriction tantamount to confinement.

R.C.M. 910(f) requires a meaningful inquiry into the provisions of every pretrial agreement, and McFadyen, 51 M.J. at 291, requires an "inquiry into the circumstances of the pretrial confinement and the voluntariness of the waiver." Nevertheless, nothing in that decision relieves an appellant of his burden under Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000), to demonstrate material prejudice to a substantial right. Thus, while the military judge's failure to inquire into the "Article 13 and restriction tantamount to confinement" provision of Appellant's pretrial agreement was error, Appellant has neither averred nor demonstrated any prejudice resulting from this error. See Article 59(a).

CONCLUSION

The decision of the United States Army Court of Criminal Appeals is affirmed.