# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

v.

### Brett D. ARNOLD,
### Health Services Technician Second Class (E-5), U.S. Coast Guard

### CGCMG 0211

### Docket No. 1257

### 19 September 2007

General Court-Martial convened by Commander, Maintenance and Logistics Command Pacific. Tried at Alameda, California, on 12 October 2005.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Michael R. Vaughn, USCG |
| Assistant Trial Counsel: | LCDR Kevin F. Bruen, USCG |
| Defense Counsel: | LT Christina J. Knott, JAGC, USNR |
| Appellate Defense Counsel: | LT Robert M. Pirone, USCG |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| | LCDR Necia L. Chambliss, USCGR |
| Appellate Government Counsel: | LT Donna D. Leoce, USCG |

## BEFORE
## McCLELLAND, CAHILL[1] & FELICETTI
### Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of violating 18 U.S.C. 2251(a) by producing child pornography and one specification of wrongfully and knowingly possessing child pornography, all in violation of Article 134, Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to a bad-conduct discharge, confinement for seventy-eight months, and reduction to E-1. The Convening Authority approved the sentence as adjudged but suspended all confinement in excess

---

[1] Judge Cahill did not participate in this decision.

of forty-eight months for twelve months from the date of the Convening Authority's action, pursuant to the terms of the pretrial agreement.

Before this Court, Appellant asserts that his pleas were improvident because the military judge failed to inquire into Appellant's understanding of the meaning and effect of a specially negotiated provision requiring his enrollment in a sex offender treatment program. We reject the assignment and affirm.

Appellant and the Convening Authority entered into a pretrial agreement in which he agreed, among other things, to plead guilty to the charge and specifications and, pertinent to this issue, to request enrollment in the Naval Brig Sex Offender Treatment Program. (Appellate Ex. VI, ¶ 23.) At trial, the military judge's inquiry on paragraph 23 consisted of essentially reciting the paragraph and asking if Appellant understood and agreed to it, to which Appellant responded, "Yes, sir." (R. at 86.) The Convening Authority took action on the case on 7 February 2006.

Notwithstanding Appellant's characterization of paragraph 23 as "requiring" his enrollment in a sex offender treatment program and "clearly contemplat[ing] actual participation in the program although it does not say that in so many words" (Appellant Br. 2, 4), it actually only requires him to "voluntarily request enrollment in the . . . Program if confinement is adjudged and approved" (Appellate Ex. VI at 5). This does not even require him to attain enrollment, only to request it in good faith. If Appellant's request for enrollment is unsuccessful, the provision is not thereby violated, as we interpret it. Thus, Appellant's concern that he could be transferred to a confinement facility that does not have such a program or that lack of staff resources could prevent his enrollment is misplaced.

Much less does the pretrial agreement require him to maintain his enrollment by continuing with the program once he is enrolled. In this respect, the case differs significantly from *United States v. Cockrell*, 60 M.J. 501 (C.G.Ct.Crim.App. 2004), wherein the treatment program provision required the accused to remain compliant with treatment and continue attending the treatment program until successful completion. 60 M.J. at 503-04. This Court disallowed future enforcement of the provision in *Cockrell* because of the military judge's

inadequate explanation and failure to establish the parties' understandings as to permissible enforcement.  *Id.* at 505-06.

It is surely true that if, as Appellant claims, the agreement contemplated actual participation in the program without saying that in so many words, such an unspoken meaning would require discussion on the record.  Since it is wholly unspoken, we see no reason to read that meaning into the provision, and every reason to conclude that it is not part of the provision.[2]  While it would not have hurt anything for the military judge to discuss this with the parties during the inquiry, the omission of such a discussion was not error.

Paragraph 23 concludes, "I understand to be admitted to the program I must admit some responsibility for the confining offenses and be willing to discuss my sexually deviant behavior in detail."  (Appellate Ex. VI at 5.)  This sentence ensures that the accused understands what enrollment will entail.  It might be argued that it requires Appellant's request for enrollment itself to include not only acknowledgment of responsibility but also discussion of his deviant behavior, but we think that would be a strained and unworkable construction.  More likely, a request for enrollment might involve signing a form that includes the same sentence.  This is no more than the obvious, narrow meaning of the provision.  We acknowledge a whiff of ambiguity in the stated need for Appellant to "be willing to discuss my sexually deviant behavior in detail."  This likely extends to behavior beyond the "confining offenses," a term used in the first portion of the concluding sentence but not in the final portion.  Discussion of this detail by the military judge would have been well-advised, but omission of it was not error, because the full ramifications of "willing[ness]" do not come into play until *after* Appellant requests enrollment – beyond the reach of the pretrial agreement, as we construe paragraph 23.

In sum, the military judge's simple inquiry was sufficient for the simple provision.

---

[2] According to the affidavit of the Technical Director, Naval Consolidated Brig Miramar, attached to Appellant's brief, the length of the sex offender treatment programs at naval brigs is such that prisoners with less than twenty-seven months of post-trial confinement are not eligible for the program.  (Bell Aff. 5.)  Given that Appellant's pretrial agreement provided for suspension for only twelve months from the date of the Convening Authority's action, enforcement of paragraph 23 to the successful completion of treatment was not likely contemplated.

If the Government were to attempt to take action against Appellant based on violation of the provision at issue, using an interpretation other than that we are applying, we would certainly entertain an appropriate request for relief. We deem this highly unlikely, since the Government avers that Appellant did in fact enroll in a treatment program "and has fulfilled his obligation in terms of the Sex Offender Treatment provision of the pretrial agreement." (Government Ans. 3-4.) Moreover, the suspension period has run.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved and partially suspended below, are affirmed.



For the Court,


Jane R. Lim
Clerk of the Court