STUCKY, Judge,
with whom RYAN, Judge, joins
(dissenting):
We granted review to consider two issues: (1) whether the defense counsel provided ineffective assistance by failing to advise Appellant that her guilty plea to kidnapping a minor whose parent or guardian she was not would require her to be processed as a sex offender; and (2) whether the military judge abused his discretion in accepting her guilty plea to such an offense by failing to inquire whether she had been advised of the sex offender processing requirement. The majority does not reach issue (1) and holds that the military judge abused his discretion. I disagree.
“A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused.” Article 59(a), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 859(a) (2006). When an appellant asserts that his counsel provided ineffective assistance “[i]n the context of a guilty plea, the prejudice question is whether ‘there is a reasonable probability that, but for counsel’s errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.’ ” United States v. Rose, 71 M.J. 138, 144 (C.A.A.F.2012) (quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).
“[W]e will reject the providency of a plea only where the appellant demonstrates a ‘material prejudice to a substantial right.’ ” United States v. Hunter, 65 M.J. 399, 403 (C.A.A.F.2008) (quoting United States v. Felder, 59 M.J. 444, 446 (C.A.A.F.2006)). Where, as here, an appellant seeks relief for a military judge’s failure to inquire into the appellant’s knowledge of a sex offender registration requirement, it makes sense to employ the same prejudice standard in determining whether an appellant was prejudiced by a military judge’s error in accepting her guilty plea as we do for ineffectiveness of counsel claims.
Whether one frames the question before us as an ineffective assistance of counsel claim for failing to advise Appellant of the requirement to register as a sex offender, or as a claim that the military judge abused his discretion by failing to ensure that defense counsel had so advised Appellant prior to accepting Appellant’s plea, as a matter of logic, the touchstone for granting relief has to be the same: Appellant must demonstrate a reasonable probability that, absent the alleged error, she would not have pleaded guilty, see Hill, 474 U.S. at 59, 106 S.Ct. 366; Hunter, 65 M.J. at 403. A mere allegation post-trial is insufficient. See United States v. Bradley, 71 M.J. 13, 17 (C.A.A.F.2012) (affidavit alleging that the appellant would not have pleaded guilty if the defense counsel had made the appellant aware that the plea waived a disqualification issue is insufficient to demonstrate prejudice: “Appellant also must satisfy a separate, objective inquiry— he must show that if he had been advised properly, then it would have been rational for him not to plead guilty” (citing Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010))).
Even if we were to assume that it was deficient performance for the defense counsel and error for the military judge to fail to advise Appellant that sex offender processing *124 was one of the consequences of pleading guilty to the offense charged, Appellant has not demonstrated material prejudice under the circumstances of this case. She has not shown that, if she had been properly advised of the consequences of pleading guilty, it would have been rational for her not to do so.
Appellant was charged with kidnapping a minor whose parent or guardian she was not. Article 134, UCMJ, 10 U.S.C. § 934 (2006). The maximum punishment for this offense includes a dishonorable discharge and confinement for life without eligibility for parole. Manual for Courts-Martial, United States pt. IV, ¶ 92.e. (2012 ed.).
The evidence of record established that Appellant, while dressed in medical scrubs
entered the baby ward of Darnall Army Medical Center on Fort Hood, Texas. Appellant then entered the maternity room of a new mother and baby, and pretended to be an attending nurse. When the mother left to use the bathroom, appellant took the baby out of the room and into the hallway. After the mother returned and noticed her baby missing, she also went out of her room into the hallway. At this time appellant was placing the baby in a backpack and when the mother saw her, she told appellant to stop. Appellant responded that the baby needed to be fed and gave the baby back to the mother and left the area. Five days later, appellant was apprehended by law enforcement agents and admitted to kidnapping the baby from the hospital room.
United States v. Riley, No. 20100084, 2012 CCA 175, at *2-*3, 2012 WL 1816206, at *1 (A.Ct.Crim.App. May 11, 2012) (unpublished) (footnote omitted). The mother identified Appellant as the perpetrator and Appellant’s truck was captured on video leaving Fort Hood at the relevant time. After Appellant’s arrest, her ear was seized and searched. It contained “an infant car seat, mini diaper bag containing bottles and formula, a box of En-famil baby formula, a package of baby swaddles, a black back pack, one knife with a 10 inch-long blade, one 8 inch-long knife, one 6 inch-long knife, a pacifier, blankets, onesies, baby hats, washcloths, bibs, towels and medical scrubs.”
The affidavit of Appellant’s defense counsel, in response to the allegation that her performance was deficient, is telling:
The only concern that appellant expressed to me regarding her guilty plea was that regardless of my evaluation of her confinement risk, facing life without eligibility for parole weighed heavily upon her and that if the best cap she could get from the government was 11 years, then she wanted to take it. She explained that even if the government would not agree to permit her to be sentenced by a panel, she still wanted the 11-year cap.[1] She also expressed that even if the government would not agree to fund her mother’s travel to be a defense witness for her, she still wanted the 11-year cap.[2] Even understanding that I was specifically advising her against offering to plead guilty unless the government acquiesced to sentencing by panel and agreed to a seven or eight year cap, she expressed her fervent desire to receive some cap on confinement, even if she was to be sentenced by military judge alone.
With the overwhelming evidence of Appellant’s guilt, her unwavering desire to accept a cap on her sentence despite the advice of her counsel to the contrary, and her willingness to give up her right to have the Government fund her mother’s travel and her right to have a panel of members decide her sentence, I am convinced Appellant still would have pled guilty under the terms of the pretrial agreement, even had she known of the sex offender processing requirement. She was faced with a choice of pleading guilty and getting that cap on confinement or litigating the case — which with the state of the evidence would almost certainly have resulted in her conviction — and taking her chances on the sentence. Sex offender pro *125 cessing was a certainty in either case.[3] Appellant has failed to demonstrate a material prejudice in this case — she failed to show that if she had known she would be required to undergo sex offender processing, it would have been rational for her not to plead guilty. Therefore, I respectfully dissent.

. The defense counsel secured trial by court members.

. The defense counsel secured funded travel for Appellant’s mother.

. In light of the strength of the Government's case, the notion that the Government would have agreed to a pretrial agreement that would not trigger such processing is fanciful. See Missouri v. Frye, -U.S. -, 132 S.Ct. 1399, 1409-11, 182 L.Ed.2d 379 (2012) (holding that to show prejudice where a plea offer has lapsed or been rejected because of counsel’s deficient performance, an accused must demonstrate not only a “reasonable probability that he would have accepted the lapsed plea but also a reasonable probability that the prosecution would have adhered to the agreement and that it would have been accepted by the trial court”).