# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class JAMES A. HUBBARD**
**United States Army, Appellant**

ARMY 20120218

Headquarters, III Corps and Fort Hood
Jeffrey W. Hart, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

30 July 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of absence without leave and two specifications of wrongful use of a controlled substance, in violation of Articles 86 and 112a, Uniform Code of Military Justice. 10 U.S.C. §§ 886, 912a (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for four months, forfeiture of $1,321.00 pay per month for four months, and reduction to the grade of E-1.[1]  The convening authority approved forfeiture of $994.00 pay per month for four months and otherwise approved the adjudged sentence.[2]

---

[1] We note that the adjudged sentence calculated forfeitures for the pay grade of E-3, rounded up to the nearest whole dollar, as opposed to the reduced pay grade of E-1. *See* Rule for Courts-Martial [hereinafter R.C.M.] 1003(b)(2).  No corrective action, however, is necessary as the convening authority only approved forfeiture of two-thirds pay per month at appellant's adjudged pay grade of E-1.

[2] The convening authority deferred appellant's adjudged and automatic forfeitures, effective 16 February 2012, until action on 30 August 2012, and credited appellant with thirty days confinement against the sentence to confinement.

This case is before this court for review pursuant to Article 66, UCMJ. One matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) merits discussion, but no relief. Appellant correctly notes that the military judge failed to discuss several terms of appellant's pretrial agreement during appellant's providence inquiry. However, this error did not materially prejudice any substantial right of appellant, nor does the error cause us to question the providence of appellant's guilty pleas.

A military judge has a duty to conduct a meaningful inquiry into the terms of every pretrial agreement. R.C.M. 910(f)(4); *United States v. Felder*, 59 M.J. 444, 446 (C.A.A.F. 2004). The military judge must inquire to ensure that the accused understands the terms of the pretrial agreement and that the parties agree to the terms of the pretrial agreement. R.C.M. 910(f)(4)(A), (B).

Here, the military judge erred by not inquiring into four separate and distinct terms of appellant's pretrial agreement. One term required appellant to enter into a stipulation of fact, which could be used at both trial and on appeal. The second term required appellant to waive appearance of any witness outside of the Fort Hood, Texas area. The third term required appellant to waive claims involving illegal pretrial punishment and R.C.M. 707 speedy trial rights. The fourth term was a promise by appellant not to commit further misconduct.

The Court of Appeals for the Armed Forces has previously tested such error for prejudice, allocating to appellant the burden of establishing prejudice. *Felder*, 59 M.J. at 446; UCMJ art. 59(a). As a threshold matter, we note that appellant has not specifically alleged that he misunderstood the terms of the agreement. Indeed, at trial, appellant acknowledged that he read, signed, and understood his pretrial agreement. Furthermore, appellant has not stated that he wishes to withdraw from his pretrial agreement; rather, appellant asks this court to grant him "appropriate relief."

Ultimately, appellant has suffered no prejudice flowing from the lack of discussion regarding individual terms of his agreement. First, although the military judge did not inquire into whether appellant understood that the stipulation could be used on appeal, appellant has not averred that his stipulation of fact is inaccurate, nor has appellant alleged that his stipulation has prejudiced his exercise of his appellate rights. Second, the record does not indicate that appellant sought witnesses at trial from outside the Fort Hood area, and appellant has not indicated otherwise on appeal. Third, the lack of discussion regarding waiver of pretrial punishment and R.C.M. 707 claims has not prejudiced appellant. The timeline from preferral to conviction was far less than the 120-day limit under R.C.M. 707.

Accordingly, appellant had no colorable speedy trial claim.[3] Further, appellant and the government later agreed that appellant should receive 30 days confinement credit pursuant to Article 13, UCMJ, thus rendering harmless any failure to discuss the waiver of such a motion. Lastly, appellant has not averred that he misunderstood or subsequently violated the term forbidding him from committing subsequent misconduct.

Additionally, we conclude that this error does not create a substantial basis in law or fact to question the providence of appellant's guilty pleas. *See United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008). Appellant knowingly admitted facts that established the elements of the charged offenses.

## CONCLUSION

On consideration of the entire record, the findings of guilty are correct in law and fact. Accordingly, the findings of guilty and the approved sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] Because appellant had no colorable R.C.M. 707 claim, we need not analyze the propriety of placing this condition in a pretrial agreement. *See* R.C.M. 705(c)(1)(B) (a term or condition of a pretrial agreement shall not deprive appellant of speedy trial rights). Any error would be harmless.