# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, K.M. MCDONALD, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**MICHAEL C. WORKMAN**
**PRIVATE FIRST CLASS (E-2), U.S. MARINE CORPS**

**NMCCA 201400080**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 18 October 2013.
**Military Judge:** LtCol Nicole K. Hudspeth, USMC.
**Convening Authority:** Commanding General, 2d Marine Division, Camp Lejeune, NC.
**Staff Judge Advocate's Recommendation:** Maj J.N. Nelson, USMC.
**For Appellant:** CDR Sabatino Leo, JAGC, USN.
**For Appellee:** Maj Paul M. Ervasti, USMC; Maj Suzanne M. Dempsey, USMC.

**29 July 2014**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of three specifications of sexual assault of a child, and one specification of communicating indecent language to a child, in

violation of Articles 120b and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920b and 934. The military judge sentenced the appellant to confinement for 18 months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged. The pretrial agreement (PTA) had no effect on the sentence.

The appellant asserts two assignments of error in this case: first, that the bad-conduct discharge and 18 months' confinement are inappropriate given the appellant's background and alcohol dependency, as well as the victim's level of maturity and willing participation; and, second, that the military judge erred in not ensuring the appellant's understanding of two changes to the PTA's sentencing limitation provisions.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant, age 21, engaged in a sexual relationship with a then 14-year-old MH. When the appellant first learned MH was under 16, he attempted to end the relationship. Soon thereafter, however, he began seeing her again, engaging in further sexual activity.

At trial, the appellant provided an unsworn statement describing his dysfunctional upbringing, depression, and current alcohol dependence. Defense counsel also offered evidence of MH's "sexual maturity."

Prior to accepting pleas, the military judge discussed with the appellant the sentence limitation portion of the pretrial agreement, ascertaining (without discussing the details) that the appellant had discussed the terms with his counsel and fully understood the maximum sentence the CA could approve in his case. There was no discussion of the fact the term "1 year" had

2

been lined through and replaced with "18 months" in the confinement limitation paragraph. This change was made before trial, and was accompanied by the initials of the appellant, his defense counsel, and the CA.

After announcing the sentence, the military judge reviewed the specific language of the PTA's sentencing limitation provision and determined it did not affect the CA's ability to approve the sentence as adjudged. The military judge did, however, question the following language regarding deferment of confinement suspended by the CA: "and deferment for the days of 'good time' (as defined by SECNAVINST 1640.9C) that I might earn in confinement". Defense counsel's response indicated some uncertainty as to the meaning of this language, so the military judge put the court in recess. When the court again came to order, the military judge noted that the language had been lined out, with the change initialed by trial counsel (for the CA), the appellant and defense counsel. The military judge did not discuss the deletion with the appellant to verify his understanding.

## Sentence Appropriateness

In accordance with Article 66(c), UCMJ, a court of criminal appeals "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Sentence appropriateness involves the judicial function of assuring that justice is done and that the appellant gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

The appellant asserts that a bad-conduct discharge and 18 months' confinement is an inappropriate punishment in light of his dysfunctional upbringing and alcohol dependency, in addition to MH's maturity and persistence in pursuing a sexual relationship with him.

We review sentence appropriateness *de novo*. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling,* 14 M.J. at 268. After review of the entire record, we find that the sentence is appropriate for this offender and his offenses. In addition to considering the serious nature of the specific offenses committed by the appellant, we have carefully considered his background and substance dependence. We have also weighed MH's role in the relationship and find it similarly outweighed by the seriousness of the offenses. Article 120b, UCMJ, makes punishable the commission of a sexual act upon a child over 12 years of age, with no requirement that force, threats, or other means for overcoming lack of consent be used. This strict liability acknowledges the impossibility of consent in such situations, placing the burden on the adult involved to refrain from sexual activity with the child regardless of any perceived willingness on the child's part.

Considering the entire record, we conclude that granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96.

### Changes to Pretrial Agreement Terms

When this court examines "the meaning and effect of a pretrial agreement, interpretation of the agreement is a question of law, subject to review under a *de novo* standard." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citation omitted).

A military judge must make "a meaningful inquiry into the provisions of every pretrial agreement," and failure to explain a material provision is error. *United States v. Felder,* 59 M.J. 444, 446 (C.A.A.F. 2004); RULE FOR COURTS-MARTIAL 910(f), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). In this case, before accepting the pleas, the military judge determined the appellant had discussed with defense counsel and understood the sentence limitation portion of his pretrial agreement. At the time this occurred, the "Confinement" provision had already been properly changed to read "18 months". Accordingly, the military judge need not have treated this pen-and-ink change any differently than if it had existed in the original, typed text.

The next deletion is a slightly different matter. "[A]fter the sentence is announced, the military judge both 'shall inquire' into any parts of the PTA not previously examined, and

4

ensure that an accused understands all material terms." *United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011) (quoting R.C.M. 910(h)(3)). Ordinarily, a military judge is not required to inquire into deleted provisions; they are no longer part of the PTA. Here, however, it was appropriate for the military judge to do so, as the deletion occurred after the appellant began performing under the agreement. In order to ensure that the appellant understood the deletion's effect, the military judge should have inquired directly of the appellant.

For a finding or sentence to be held incorrect on grounds of an error of law, Article 59(a), UCMJ, requires material prejudice to a substantial right. Here, the deleted language was a nullity. Had it remained in the agreement, it would have had no effect on the sentence. Furthermore, the deleted provision could only have worked to deny the appellant "good time" credit. As deleting the clause could only benefit the appellant, we conclude the appellant would have waived his rights and pleaded guilty had he understood that the deleted language was no longer part of the agreement. Thus, while the military judge's failure to inquire directly with the appellant into the deleted provision of the pretrial agreement may have been error, the appellant can demonstrate no prejudice resulting therefrom, and we find any error to be harmless.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court