IN THE CASE OF


UNITED STATES, Appellee

v.

Keith L. WILLIAMS, Jr., Specialist
U.S. Army, Appellant

No. 04-0208

Crim. App. No. 20020327

_____

United States Court of Appeals for the Armed Forces

Argued October 13, 2004

Decided December 10, 2004

ERDMANN, J., delivered the opinion of the Court, in which
GIERKE, C.J., CRAWFORD, EFFRON and BAKER, JJ., joined.

Counsel

For Appellant:  Captain Eric D. Noble (argued); Colonel Robert
D. Teetsel, Colonel Mark Cremin, Lieutenant Colonel Mark
Tellitocci, Major Allyson G. Lambert, and Captain Craig A.
Harbaugh (on brief).

For Appellee:  Captain Mason S. Weiss (argued); Colonel Steven
T. Salata, Lieutenant Colonel Theresa A. Gallagher, Lieutenant
Colonel Mark L. Johnson, and Major Mark A. Visger (on brief).

Military Judge:  Gary W. Smith


 **This opinion is subject to editorial correction before final publication**.

Judge ERDMANN delivered the opinion of the Court.

Specialist Keith L. Williams, Jr., was charged with two specifications of larceny, seven specifications of forgery and one specification of wrongfully opening mail, in violation of Articles 121, 123 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923 and 934 (2000) respectively. Williams submitted an offer to plead guilty. The convening authority accepted the offer and the parties entered into a pretrial agreement.

At trial the military judge allowed the Government to withdraw from the pretrial agreement. Williams subsequently entered pleas of guilty to all charges and specifications and was convicted on the basis of his pleas. He was sentenced to a bad-conduct discharge, seven months confinement, forfeiture of all pay and allowances, reduction to pay grade E-1, and a fine of $2,300.00.

In his appeal to the United States Army Court of Criminal Appeals, Williams claimed that the convening authority should not have been allowed to withdraw from the pretrial agreement. After receiving briefs, the Court of Criminal Appeals ordered the parties to submit affidavits. Following receipt of the affidavits, the Court of Criminal Appeals affirmed the findings and sentence in a per curiam decision.

We granted review of the following issue:

WHETHER THE TRIAL COUNSEL AND STAFF JUDGE ADVOCATE UNLAWFULLY BREACHED THE PRETRIAL AGREEMENT BECAUSE APPELLANT WAS NOT AFFORDED A REASONABLE OPPORTUNITY TO COMPLY WITH THE RESTITUTION PROVISION AFTER HE WAS GIVEN NOTICE OF THE AMOUNT OF SAID RESTITUTION AND BECAUSE THE CONVENING AUTHORITY DID NOT PERSONALLY MAKE THE DECISION TO WITHDRAW.

We hold that Rule for Courts-Martial [R.C.M.] 705(d)(4)(B) provided a proper basis for the Government's withdrawal and therefore affirm the decision of the Court of Criminal Appeals.

BACKGROUND

Williams' difficulties began when a Government travel card issued to another service member was inadvertently placed in his mailbox. Williams obtained a personal identification number for the card and used the card to purchase various items from the commissary and to make cash withdrawals. He offered to plead guilty and enter into a stipulation of fact. The agreement contained a separate term that required Williams to reimburse the victims "once those individuals and the amounts owed have been ascertained." In return, the convening authority would disapprove any confinement in excess of six months. The convening authority agreed to the offer and the pretrial agreement was effectuated.

Several days prior to trial there were discussions between the trial counsel and Williams' defense counsel concerning the restitution provision. Williams' defense counsel indicated that Williams might not be able to make restitution before trial.

The Government's position was that Williams was required to make restitution before entering his plea.

On the day of trial, Williams had not made restitution and the Government informed the military judge that because of that failure, it was withdrawing from the pretrial agreement. Williams moved for specific performance of the agreement, arguing that performance had commenced because he had already entered into the stipulation of fact and had not breached any material portion of the agreement. In response, the Government conceded that as a result of its withdrawal from the pretrial agreement, it would also have to withdraw from the stipulation of fact. Williams' defense counsel acknowledged that the stipulation would not be entered into evidence or otherwise used. The military judge then ruled:

> All right. Well, I do find that the government is free at this point under R.C.M. 705, the convening authority is free to withdraw from the pretrial agreement based upon failure to fulfill a material promise or condition in the agreement. It would have been much better had the -- had it been spelled out in writing in the Offer to Plead Guilty, that it was before trial and not -- then we wouldn't have this issue at all. So, I do find that the prosecution is free to -- the convening authority is free under that rule to withdraw from the pretrial agreement.

Following that ruling the defense asked "to note for the record" that there had been no proffer or evidence from the Government as to the victims and amounts at issue. The trial counsel advised the military judge that the Bank of America was the victim and that the Government had been "working with" the

4

defense to contact representatives of the bank "to figure out a way to pay them."  The military judge asked the Government what the specific amount of the restitution was, at which point trial counsel advised that "just going with the amount of larceny, we find the total of $2,302.01."  That amount corresponds with the amount set forth in the charge sheet.

After confirming that Williams could not "comply with that term at this point," the military judge stated that he was adhering to his ruling and that Williams' motion to compel specific performance of the pretrial agreement was denied.

Williams then pleaded guilty without the benefit of a pretrial agreement and was sentenced to a bad-conduct discharge, seven months confinement, forfeiture of all pay and allowances, reduction to pay grade E-1, and a fine of $2,300.00.  The convening authority approved the sentence.  Had the pretrial agreement been in effect, he would have been obligated to disapprove confinement in excess of six months.  As there were no limitations in the agreement as to any other aspect of Williams' sentence, it is the difference between six and seven months that serves as the basis for Williams' appeal.

DISCUSSION

Williams has not asked us to reject his guilty plea. Rather, he has asked us for a one month reduction in the duration of his confinement, consistent with the terms of the

5

disputed pretrial agreement. He also asks us to set aside his fine, which closely approximates the amount of his larcenies. As his claim involves an interpretation of the pretrial agreement, our review here is de novo. United States v. Acevedo, 50 M.J. 169, 172 (C.A.A.F. 1999).

Under R.C.M. 705(d)(4)(B), the convening authority may withdraw from a pretrial agreement:

> (1) at any time before an accused begins performance of his or her promises under the agreement;
>
> (2) upon the failure of an accused to fulfill any material promise or condition in the agreement;
>
> (3) when inquiry by the military judge discloses a disagreement as to a material term in the agreement; or
>
> (4) if findings are set aside because a guilty plea is deemed improvident on appellate review.

The military judge determined that withdrawal was authorized by virtue of Williams' failure to fulfill a material promise or condition in the agreement. Williams contends that the military judge erred in allowing the withdrawal because (1) he had begun performance of his obligations under the agreement and (2) none of the other circumstances listed in R.C.M. 705(d)(4)(B) were present.

The language at issue in the pretrial agreement provides: "I agree to reimburse the victim or victim(s) of the larcenies for which I have been charged, once those individuals and the amounts owed have been ascertained." This language is not a

model of clarity and does not provide a date certain for payment of the reimbursement.  Williams consequently argues that the language does not require that the restitution be made prior to trial.  He asserts that a plain reading of the language indicates that if the amount and identity of the victim have not been ascertained prior to trial, the pretrial agreement is not affected because he would be allowed to make reimbursement after trial.  The Government argues that the identity of the victim and the amount of reimbursement were not in dispute from the day the charges were preferred.  The charge sheet, bank records and other documents in the case file identified the Bank of America as the victim of the larcenies and the total amount stolen as $2,302.01, the same figure the Government provided at trial to the military judge.

We have long emphasized the critical role that a military judge and counsel must play to ensure that the record reflects a clear, shared understanding of the terms of any pretrial agreement between an accused and the convening authority.  United States v. Felder, 59 M.J. 444, 445 (C.A.A.F. 2004)(citing United States v. King, 3 M.J. 458 (C.M.A. 1977) and United States v. Green, 1 M.J. 453 (C.M.A. 1976)).  Whatever else the record reflects in this case, the exchange between the parties and the military judge plainly demonstrates something far short

of "a clear, shared understanding" of the disputed restitution provision.

Accordingly, we need not determine whether Williams' execution of a stipulation of fact constituted the beginning of performance or whether the military judge properly concluded that Williams had "fail[ed] to fulfill a material promise or condition in the agreement." Rather, this is an instance in which the parties had an underlying disagreement as to the restitution clause itself. The President has set forth four alternative circumstances in R.C.M. 705(d)(4)(B) under which the convening authority is authorized to withdraw from a pretrial agreement. The third circumstance is when an "inquiry by the military judge discloses a disagreement as to a material term in the agreement."

A distinct, separate provision offering to make restitution can provide a significant inducement for a convening authority to accept an accused's offer to plead guilty. See R.C.M. 705(c)(2)(C). Here the record on appeal demonstrates that Williams sought a more favorable pretrial agreement by extending an offer to make restitution and reflects the significance attached by the convening authority to that offer. Under those circumstances, there can be little doubt that the restitution provision was "material" to the resultant pretrial agreement.

The inquiry conducted by the military judge clearly established "a disagreement as to a material term in the agreement," and that circumstance alone provides a factual and legal basis for the convening authority to withdraw.  Although the military judge's inquiry did not focus on the "disagreement as to a material term" component of R.C.M. 705(d)(4)(B), his inquiry and the record nonetheless demonstrate that as a proper basis for withdrawal under the rule.  Because the withdrawal provisions of R.C.M. 705(d)(4)(B) are disjunctive, we need not determine whether there was specific performance or detrimental reliance upon the agreement by Williams.  Nor do we need to address what remedies might be appropriate in a case involving detrimental reliance.

We do not hold today that a convening authority may withdraw from a pretrial agreement by simply claiming that a disagreement exists.  Rather, the President has required that the existence of a disagreement and the materiality of the terms at issue be ascertained by the military judge through his or her inquiry.  That requirement reflects the critical role that a military judge plays during a plea colloquy in ensuring that the record reflects a clear, shared understanding by the parties of the terms of the agreement.  Felder, 59 M.J. at 445.

We also reject Williams' claim that the withdrawal was improper because the convening authority did not personally make

the decision to withdraw.  When the staff judge advocate (SJA) recommended to the convening authority that Williams' offer to plead guilty be accepted, he was induced to do so based on Williams' offer to make restitution.  Following their discussion about this case, the SJA believed that the restitution provision was the reason the convening authority approved the offer and he left the office with the clear understanding that if there were no restitution prior to trial, there was no deal.

As the SJA knew the circumstances under which the convening authority approved the offer, once those circumstances were no longer present, the trial counsel who had communicated with the SJA on this matter could effect the Government's withdrawal from the pretrial agreement.  Cf. Satterfield v. Drew, 17 M.J. 269, 273 (C.M.A. 1984)(noting trial counsel authorized to take necessary, usual, and proper actions to accomplish or perform, the main authority expressly delegated to him).

DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.