# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JOSEPH A. SMITH**
**United States Army, Appellant**

ARMY 20120329

Headquarters, XVIII Airborne Corps and Fort Bragg
Tara A. Osborn and Steven H. Levin, Military Judges
Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Captain Kevin F. Sweeney, JA.

For Appellee:  Pursuant to A.C.C.A. Rule 15.2, no response filed.

29 March 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of attempted sale of military property, conspiracy, dereliction of duty, and larceny in violation of Articles 80, 81, 92, and 121 Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 892, 921 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for eleven months, forfeiture of $994.00 per month for eleven months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence extending to four months confinement and the remainder of adjudged sentence.

Appellant does not raise any errors for our review under Article 66, UCMJ.  However, we are compelled to address an issue relating to the parties' understanding of the pretrial agreement.  Because both the government and appellant understood the pretrial agreement to limit forfeitures to a period of four months, we shall reassess the sentence in accordance with the parties' mutual understanding.

SMITH—ARMY 20120329

In exchange for appellant's offer to plead guilty, the convening authority agreed to disapprove any confinement in excess of four months.  According to the agreement, the convening authority could approve any other lawful adjudged punishment.  After reviewing the quantum portion of the pretrial agreement, the military judge stated that he understood the pretrial agreement to mean the convening authority could approve "confinement for 4 months, the reduction to the grade of E-1, the forfeiture of $994.00 per month for 4 months, and a bad-conduct discharge."  All parties, including trial counsel, defense counsel, and appellant himself, agreed on the record with the military judge's interpretation of the pretrial agreement.

Despite the parties' agreement regarding forfeitures, the staff judge advocate recommended that the convening authority approve forfeitures of $994.00 per month for eleven months.  In his Rule for Courts-Martial 1105 and 1106 matters, appellant asserted that the forfeitures should be limited to a period of four months.  The staff judge advocate disagreed and the convening authority in turn approved forfeitures for a period of eleven months.

It is paramount that the record reflects a "clear, shared understanding of the terms of any pretrial agreement between an accused and the convening authority." *United States v. Grisham*, 66 M.J. 501, 505 (Army Ct. Crim. App. 2008) (quoting *United States v. Williams,* 60 M.J. 360, 362 (C.A.A.F. 2004)).  There is little question that the parties at trial understood the pretrial agreement to limit forfeitures to a period of four months.  For that reason, we reassess the sentence to reflect the parties' mutual understanding of the pretrial agreement.

## CONCLUSION

The findings of guilty are AFFIRMED.  Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, forfeiture of $994.00 per month for four months, and reduction to the grade of E-1.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored.  *See* UCMJ arts. 58(c) and 75(a).

FOR THE COURT:

KENNETH J. TOZZI
COL, JA
Acting Clerk of Court

2