# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class PHILIP B. HUNT**
**United States Army, Appellant**

ARMY 20121155

Headquarters, United States Army Maneuver Center of Excellence
Stephen E. Castlen and Richard A. Weis, Military Judges
Colonel James F. Garrett, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain Ian M. Guy, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

30 May 2013

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his plea, of absence without leave in violation of Article 86 Uniform Code of Military Justice, 10 U.S.C. § 886 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for five months, forfeiture of two-thirds pay per month for five months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence extending to a bad-conduct discharge, confinement for four months, forfeiture of $994.00 pay per month for five months, and reduction to the grade of E-1. The convening authority also credited appellant with three days confinement credit against the sentence to confinement.

Appellant does not raise any errors for our review under Article 66, UCMJ. However, we are compelled to address an issue relating to the parties' understanding of the pretrial agreement. Because both the government and appellant understood the pretrial agreement to limit forfeitures to a period of four months, we shall affirm the sentence in accordance with the parties' mutual understanding.

In exchange for appellant's offer to plead guilty, the convening authority agreed to disapprove any confinement in excess of four months. According to the agreement, the convening authority could approve any other lawful adjudged punishment. After reviewing the quantum portion of the pretrial agreement, the military judge stated that he understood the pretrial agreement to mean the convening authority could approve "reduction to the grade E-1, forfeiture of two-thirds pay per month for a period of 4 months, confinement for period of four months, and for Private First Class Hunt to be discharged from the service with a Bad Conduct Discharge." All parties, including trial counsel, defense counsel, and appellant himself, agreed on the record with the military judge's interpretation of the pretrial agreement.

Despite the parties' agreement regarding forfeitures, the staff judge advocate recommended that the convening authority approve forfeitures of $994.00 pay per month for five months. It is paramount that the record reflects a "clear, shared understanding of the terms of any pretrial agreement between an accused and the convening authority." *United States v. Grisham*, 66 M.J. 501, 505 (Army Ct. Crim. App. 2008) (quoting *United States v. Williams,* 60 M.J. 360, 362 (C.A.A.F. 2004)). There is little question that the parties at trial understood the pretrial agreement to limit forfeitures to a period of four months.

## CONCLUSION

The findings of guilty are AFFIRMED. The court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for four months, forfeiture of $994.00 pay per month for four months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court