UNITED STATES, Appellee,

v.

Ross A. McFADYEN, Senior Airman,
U.S. Air Force, Appellant.

No. 99–0129.
Crim.App. No. 32878.

U.S. Court of Appeals for
the Armed Forces.

Argued June 3, 1999.

Decided Aug. 16, 1999.

EFFRON, J., delivered the opinion of the
Court, in which COX, C.J., and SULLIVAN,
CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Captain Jeffrey B. Miller,*
USAFR (argued); *Lieutenant Colonel Ray
T. Blank, Jr.* and *Major Carol L. Hubbard*
(on brief); *Colonel Douglas H. Kohrt.*

For Appellee: *Captain Tony R. Roberts*
(argued); *Lieutenant Colonel Anthony P.
Dattilo* and *Major Ronald A. Rodgers* (on
brief); *Lieutenant Colonel Jeanne M. Rueth.*

Judge EFFRON delivered the opinion of
the Court.

A general court-martial composed of a military judge sitting alone convicted appellant, in accordance with his pleas, of wrongfully using cocaine on divers occasions between October 2, 1996, and February 2, 1997, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement for 102 days, and reduction to E–1. The convening authority approved the sentence. The Court of Criminal Appeals affirmed in an unpublished opinion.

This Court specified the following issue for review:

> WHETHER THE PRETRIAL AGREEMENT PURPORTING TO REQUIRE APPELLANT TO WAIVE HIS RIGHT TO CHALLENGE HIS PRETRIAL TREATMENT IN VIOLATION OF ARTICLE 13 AS A CONDITION TO A PRETRIAL AGREEMENT VIOLATES PUBLIC POLICY. *SEE UNITED STATES v. FORESTER,* 48 MJ 1 (1998); *UNITED STATES v. RIVERA,* 46 MJ 52 (1997) ; *SEE ALSO UNITED STATES V. COMBS,* 47 MJ 330 (1997).

## I. FACTS

After a pretrial confinement hearing, appellant was ordered into confinement pending trial. The pretrial confinement reviewing

officer gave the following reasons for his decision:

    a. It is reasonable to assume that SrA McFadyen will revert to the use of cocaine without 24–hour monitoring.

    b. Lesser forms of restraint are inadequate. Capt Prince testified that the 313th TRS does not have the manpower to conduct a 24–hour monitoring of SrA McFadyen.

*See* RCM 305(h)(2)(B), Manual for Courts–Martial, United States (1998 ed.). On February 7, 1997, appellant was confined at the brig at Naval Air Station (NAS), Pensacola. After complaining to his attorney about his treatment, appellant was transferred to the confinement facility at Dyess Air Force Base on April 11, 1997. On May 20, 1997, appellant entered into a pretrial agreement, which included an agreement by appellant to waive his "right to present a motion for additional pretrial confinement credit for alleged unlawful punishment inflicted on [him] while confined at the Pensacola NAS Brig." At trial, appellant pleaded guilty pursuant to his pretrial agreement. During sentencing, appellant testified in an unsworn statement, much of which related his allegations of mistreatment at the Pensacola brig. Trial counsel objected on the grounds that appellant was "getting off on all sorts of tangents and hearsay and bringing in all sorts of stuff."

Defense counsel responded that the court needed to consider appellant's treatment "in its totality to determine whether the treatment he has already received in the last 102 days has had the punishment and deterrent effect of a suitable sentence, in determining what other punishment, if any, is suitable to adjudge in this court-martial." The military judge agreed and allowed appellant to complete his statement. Appellant's sentence included 102 days confinement, the amount of time he had already served.

In this Court, appellant alleges several instances of mistreatment during his confinement in the brig at NAS Pensacola. Among these are that he was stripped of rank, that he was prevented from seeing his attorney, and that telephone communications he had with his attorney were monitored. Appellant asserts that his treatment at NAS Pensacola amounted to pretrial punishment. He now contends that his pretrial agreement waiving his right to present a motion for additional sentence credit was improper on the grounds that waiver of the right to be free of pretrial punishment is contrary to public policy.

## II. DISCUSSION

    Article 13, UCMJ, 10 USC § 813, provides:

    No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence, but he may be subjected to minor punishment during that period for infractions of discipline.

This Court is not called upon by the specified issue to resolve the question of whether appellant's treatment at NAS Pensacola amounted to pretrial punishment. Rather, the question before this Court is whether public policy considerations prohibit the waiver of this claim in a pretrial agreement.

RCM 705(d)(1) permits negotiation of a pretrial agreement and allows either party to propose "any term or condition not prohibited by law or public policy." RCM 705(c)(1)(B) states:

    A term or condition in a pretrial agreement shall not be enforced if it deprives the accused of: the right to counsel; the right to due process; the right to challenge the jurisdiction of the court-martial; the right to complete sentencing proceedings; the complete and effective exercise of post-trial and appellate rights.

RCM 705(c)(1)(B) does not specifically prohibit an accused from waiving his right to make a motion for sentencing credit because of unlawful pretrial punishment.

This Court has held that an accused may offer to waive several significant rights as part of a pretrial agreement. *See United States v. Rivera*, 46 MJ 52 (1997) (accused may waive evidentiary objections); *United States v. Weasler*, 43 MJ 15, 19 (1995) (where

unlawful command influence in the preferral of charges was alleged, it was permissible for the accused to offer to waive unlawful command influence in a pretrial agreement); *United States v. Burnell*, 40 MJ 175 (CMA 1994) (waiver of trial by court-martial composed of members); *United States v. Gansemer*, 38 MJ 340 (CMA 1993) (waiver of administrative board is permissible). There is nothing sufficiently different about the right to be free from unlawful pretrial punishment that persuades us to reach the conclusion that it cannot be waived.

We are concerned that any Article 13 waiver be executed with full knowledge of the implications of the waiver. *See United States v. Combs*, 47 MJ 330, 334 (1997) (no waiver of Article 13 rights where appellant's "legal status between trials was so unique that neither the Government nor appellant were fully aware of his legal rights."). Therefore, for all cases tried on or after 90 days from the date of this opinion, where a military judge is faced with a pretrial agreement that contains an Article 13 waiver, the judge should inquire into the circumstances of the pretrial confinement and the voluntariness of the waiver, and ensure that the accused understands the remedy to which he would be entitled if he made a successful motion.

Even if we were to apply this rule retroactively to the case at bar, it would make no difference to the outcome because appellant was not prejudiced by the absence of a formal inquiry. The judge conducted an appropriate inquiry into the voluntariness of the pretrial agreement. Appellant does not contest the voluntariness of the waiver. Moreover, during sentencing, the military judge allowed appellant to fully describe the circumstances of his confinement at the brig at NAS Pensacola. In awarding a sentence to confinement, the judge was able, if he wished, to take into account the nature of appellant's pretrial confinement in determining the amount of confinement appropriate as a punishment for his offenses. Under these circumstances, we see no reason why appellant should be prevented from waiving his Article 13 rights.

## III. CONCLUSION

The decision of the United States Air Force Court of Criminal Appeals is affirmed.