UNITED STATES

v.

**Miguel E. INONG, Jr., Damage Controlman First Class (E–6), U.S. Navy.**

NMCM 9801667.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 14 May 1998.

Decided 3 July 2002.

LT Jason L. Weissman, JAGC, USNR, Appellate Defense Counsel.

LT Deborah S. Mayer, JAGC, USNR, Appellate Government Counsel.

Before LEO, Chief Judge, BRYANT and FINNIE, Appellate Military Judges.

BRYANT, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of 3 specifications of conspiracy to commit larceny, desertion, 3 specifications of larceny, 10 specifications of making and uttering bad checks, 2 specifications of housebreaking, and carrying a concealed weapon, in violation of Articles 81, 85, 121, 123a, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 885, 921, 923a, 930, and 934. The appellant was sentenced to confinement for 3 years, total forfeitures, reduction to pay grade E–1, and a dishonorable discharge. The convening authority approved the sentence, but suspended confinement in excess of 20 months in accordance with the pretrial agreement.

We have carefully considered the record of trial, the assignment of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Facts

On 29 September 1999, this Court affirmed the findings and sentence after this case was submitted to us by the appellant without assignment of error. Thereafter, the appellant petitioned the Court of Appeals for the Armed Forces (CAAF), seeking relief for what he asserts was pretrial punishment.[1]

---

1. "No person, while being held for trial, may be     subjected to punishment or penalty other than

On 8 December 2000, CAAF set aside our earlier decision and the case was remanded to us for our consideration of the allegation of pretrial punishment.

In a supporting affidavit, the appellant contends that he was placed in maximum custody upon his arrival at the Camp Pendleton Brig on 10 March 1998.[2] Affidavit of Miguel Inong, Jr., of 11 Apr 2000. He indicates that he was given 3 wool blankets to keep warm, because the air temperature was approximately 48 degrees; was required to eat in his cell; was handcuffed while he showered; and was shackled whenever he left the cell.[3] He asserts that he was told that he could get out of maximum custody once he signed a pretrial agreement. He asserts that he signed the pretrial agreement his trial defense counsel presented to him on 4 April 1998. He indicates that he received a faxed copy of the pretrial agreement on or about 10 April 1998, presented it to his brig counselor, and was released from maximum custody on or about 15 April 1998. The brig's conduct record reflects that the classification change resulting in the appellant's release from maximum custody occurred on 13 April 1998.

The appellant's pretrial agreement is dated 14 May 1998, the same date as his trial. For purposes of this decision, we will assume that the faxed copy of a pretrial agreement the appellant received on or about 10 April 1998 was either subsequently replaced or was re-dated to the date of trial.

### Tantamount to an Affirmative Waiver

■ Absent an affirmative, fully-developed waiver on the record, the failure of an ac-

cused to raise the issue of pretrial punishment at trial will not forfeit the issue on appeal.[4] *United States v. Huffman*, 40 M.J. 225, 227 (C.M.A.1994). An accused's tactics at trial, however, may be tantamount to an affirmative waiver. *United States v. Tanksley*, 54 M.J. 169, 177–78 (2000); *United States v. Southwick*, 53 M.J. 412, 416 (2000). In *Tanksley*, the accused's tactic of presenting evidence in an unsworn statement made to the sentencing authority regarding the conditions of his pretrial confinement was held to be tantamount to an affirmative waiver. CAAF indicated that seeking relief this way is permissible, but it waives the issue if the appellant later seeks administrative credit for the alleged pretrial punishment.

■ This Court previously had decided that an accused's reference to conditions of his pretrial confinement, made during the presentencing hearing, did not waive the issue on appeal. *United States v. Fuson*, 54 M.J. 523, 527 (N.M.Ct.Crim.App.2000). More recently, however, we held that an accused could waive the issue of pretrial punishment through his trial tactics. *United States v. Sittingbear*, 54 M.J. 737, 741 (N.M.Ct.Crim.App.2001). Citing *Southwick*, we indicated in *Sittingbear* that an accused's presentation of evidence regarding the conditions of his pretrial confinement, in conjunction with the fact that as a condition of his pretrial agreement he entered into a stipulation of fact in which he agreed that the pretrial confinement he had served was legal, was tantamount to an affirmative waiver. We stated:

---

arrest or confinement upon the charges pending against him, nor shall the arrest of confinement imposed upon him be any more rigorous than the circumstances required to insure his presence...." Art. 13, UCMJ; *accord* RULE FOR COURTS-MARTIAL 304(f), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.).

2. In his affidavit, the appellant mistakenly refers to the events taking place in "1997" vice "1998." In addition, the appellant referred to his being placed in "solitary confinement" vice "maximum custody." Affidavit of Miguel Inong, Jr., of 11 Apr 2000. Pursuant to Secretary of the Navy Instruction 1640.9 § 4201 at ¶ 2a (2 Dec 1996), the correct term for the appellant's status was that he was in maximum custody. Therefore, and hereafter, the appellant's status will be refer-

enced as maximum custody, except when directly quoting the appellant.

3. The Government does not dispute the conditions of the appellant's confinement.

4. Generally, "motions, requests, defenses, or objections, except lack of jurisdiction or failure of a charge to allege an offense, must be raised before the court-martial is adjourned for that case and, unless otherwise provided in this Manual, failure to do so shall constitute waiver." R.C.M. 905(e). Upon motion for appropriate relief, the "military judge shall order administrative credit ... for any pretrial confinement served as a result of an abuse of discretion or failure to comply with the provisions ... of this rule." R.C.M. 305(j)(2).

Finally, the appellant made the military judge aware of the conditions of pretrial confinement during the sentencing phase of the court-martial. Record at 148. The military judge was able, therefore, if he wished, "to take into account the nature of [the] appellant's pretrial confinement in determining the amount of confinement appropriate as a punishment for his offenses." *United States v. McFadyen,* 51 M.J. 289, 291 (1999); *see also United States v. Southwick,* 53 M.J. 412 (2000)(holding trial tactics amounted to an affirmative waiver of pretrial punishment issue where it was clear from the record that appellant made a tactical decision to take the pretrial-punishment issue to the members instead of asking the military judge for appropriate relief).

*Sittingbear,* 54 M.J. at 741 (alteration in original).

In this case, the appellant twice referenced during his unsworn statement the time he spent in maximum custody. At the onset of his statement he stated:

While I was confined at Camp Pendleton base brig, the first weeks I spent in solitary confinement. I sat in a six by nine cell, next to convicted murderers, rapists and drug dealers.

Record at 118.[5] Later, in concluding his unsworn statement he said:

During my six weeks of solitary confinement at Camp Pendleton Base Brig [sic], I sunk to the lowest point in my life.... In that six by nine cell ... I didn't murder anyone. I didn't kill. I didn't rape anyone nor sell substances that would destroy, corrupt or kill people.

*Id.* at 122. In addition, during argument on sentence, the appellant's defense counsel reminded the sentencing authority that the appellant spent six weeks in maximum custody. *Id.* at 125. The appellant received 74 days of pretrial credit. *See United States v. Allen,* 17 M.J. 126 (C.M.A.1984). He did not request the military judge give any further

consideration to his pretrial confinement as being pretrial punishment.

Following *Tanksley, Southwick,* and *Sittingbear,* we find that the appellant's repeated reference to his period of "solitary confinement" to the sentencing authority during the sentencing hearing was tantamount to an affirmative wavier of any arguable Article 13, UCMJ, 10 U.S.C. § 813, violation. The appellant elected to present his alleged pretrial punishment before the sentencing authority-military judge-vice moving for appropriate relief under R.C.M. 305(j) and 906. The appellant clearly made "an election between two available alternatives" in how the alleged pretrial punishment would be presented. *Southwick,* 53 M.J. at 416. Although the appellant's statements and counsel's argument are quantitatively different than those made in *Tanksley* and *Southwick,* CAAF's holdings are not predicated upon the forcefulness, passion, or length of presentation with which the appellant and his counsel present the conditions of pretrial confinement and deliver their argument.

While the appellant and his counsel may not have specifically said at trial that maximum custody was pretrial punishment, that was clearly the message that was intended to be conveyed to the sentencing authority. Of note, reference to the "solitary confinement" was made at both the onset and conclusion of the appellant's unsworn statement. Obviously, it was done to reinforce the matter. Furthermore, each time the appellant mentioned his "solitary confinement," he linked it with a reference to what he was not: a murderer, rapist or drug dealer. He was implying that those involved with violent crimes, and not he, should be in maximum custody. The thrust, clearly, of this portion of the appellant's sentencing presentation was that he suffered pretrial punishment by being placed in maximum custody and deserved a more lenient sentence.

We find the trial tactics in this case were tantamount to waiver. The repeated refer-

---

5. He also mentioned that he was told the only way out of "solitary confinement" was to sign a pretrial agreement. However, during the plea inquiry, the accused stated, under oath, that no one had threatened or forced him to enter into the pretrial agreement, that he entered into the agreement voluntarily, and that the written pretrial agreement encompassed the entire agreement. Record at 98–99. We do not find, therefore, the appellant's plea to be improvident.

ence to pretrial confinement conditions that the appellant considered too onerous was made for one purpose, to gain a more lenient sentence.[6]

### Conclusion

Accordingly, we affirm the findings and sentence as approved on review below.

Chief Judge LEO and Senior Judge FINNIE concur.

---

**6.** We decline to establish a precise quantitative, or even a qualitative, measure of the presentation of the issue to the sentencing authority, to determine if trial tactics were tantamount to waiver. Any such precise measure is considered unworkable.