# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, R.Q. WARD, D.C. KING**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**CORY A. BETTS**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201300441**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 21 July 2013.
**Military Judge**: LtCol Karen Morrisroe, USMCR.
**Convening Authority**: Commanding General, 2d Marine Division, Camp Lejuene, NC.
**Staff Judge Advocate's Recommendation**: Maj J.N. Nelson, USMC.
**For Appellant**: Maj John Stephens, USMC.
**For Appellee**: Maj Paul Ervasti, USMC; LCDR Keith Lofland, JAGC, USN.

**14 October 2014**

---------------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of forcible sodomy, in violation of Article 125 of the Uniform Code of Military Justice, 10 U.S.C. § 925. The military judge sentenced the appellant to confinement for eight

years, reduction to pay grade E-1, and a dishonorable discharge. Pursuant to a pretrial agreement (PTA), the convening authority (CA) disapproved the dishonorable discharge, approved a bad-conduct discharge, and suspended execution of all confinement in excess of five years. The remainder of the sentence was approved as adjudged.

The appellant now raises four assignments of error: (1) that the sentence was inappropriately severe; (2) that the military judge erred in not voiding the provision of the pretrial agreement wherein the appellant agrees to not raise a motion for relief under Article 13, UCMJ; (3) that the appellant's counsel were ineffective for advising him to plead guilty; and, (4) Article 125, UCMJ, is unconstitutionally vague.

Having carefully considered the pleadings and the record of trial, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Art. 66, UCMJ.

**Background**

The appellant made three combat deployments between the years of 2005 and 2011. The appellant was diagnosed with post-traumatic stress disorder and other conditions, and in 2010 began receiving mental health treatment which included inpatient treatment at a mental health facility. On 9 March 2012, the appellant was again admitted to the mental health ward of the local Navy hospital.

On 22 March 2012, the appellant's wife was in the seventh month of a "high-risk" pregnancy. While home, the appellant initiated sexual intercourse with his wife, who refused, reminding the appellant that her doctor had advised against it. The appellant thereafter threw his wife onto the bed, pinned her down with his body weight and forcibly sodomized her. When his wife screamed for him to stop, the appellant covered her nose and mouth with his hand and also with a pillow, preventing his wife from breathing. Terrified, the victim asked the appellant if he was going to kill her, to which the appellant responded in the affirmative. The appellant later got off of the victim, wiped her down with a washcloth, ordered her to take a shower and, while she was doing so, changed the sheets on the bed. A few hours after the attack, the appellant fell asleep and the

2

victim made her way to the hospital where the incident was reported to law enforcement.

The appellant's command immediately ordered the appellant into pretrial confinement. In the course of processing the appellant for confinement, he jumped a counter at a medical facility and secured a bottle of pills, which he swallowed before his chasers could reach him. As a result, the appellant was again admitted to the mental health ward. Three days later, he was returned to pretrial confinement.

The appellant later entered into a PTA wherein he agreed not to raise a motion for administrative credit under RULE FOR COURT MARTIAL 305(k), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012) or pursuant to Article 13, UCMJ. In exchange, the CA agreed to approve a bad-conduct discharge if a dishonorable discharge was awarded and suspend confinement in excess of five years.

## PTA Provision Regarding Article 13

The appellant now argues that the PTA provision wherein the appellant agreed to waive any motion for relief due to illegal pretrial confinement violates public policy. Therefore, the appellant argues, the military judge abused her discretion by accepting the PTA. We disagree.

This court applies a *de novo* review in determining whether a PTA provision violates law or "public policy." *United States v. Sunzeri,* 59 M.J. 758, 760 (N.M.Ct.Crim.App. 2004). A knowing and voluntary waiver of an Article 13 violation is a permissible term in a pretrial agreement, although a military judge should "inquire into the circumstances of the pretrial confinement and the voluntariness of the waiver, and ensure that the [appellant] understands the remedy to which he would be entitled if he made a successful motion." *United States v. McFadyen*, 51 M.J. 289, 291 (C.A.A.F. 1999).

Here, trial defense counsel unsuccessfully petitioned the CA to release the appellant from pretrial confinement because he believed that his client did not have access to adequate mental health treatment while confined. Later, the appellant entered into a PTA that stated, *inter alia*, that he agreed not to raise a motion pursuant to Article 13, UCMJ, or R.C.M. 305 to request credit against the sentence adjudged on grounds of pretrial punishment or unduly-harsh circumstances of pretrial confinement. In the PTA, the appellant acknowledges that he had discussed this choice with his counsel and that he fully

3

understood the provision's effect and meaning, and the military judge conducted an extensive inquiry on the record to ensure that the provision was the result of a knowing and voluntary choice on the appellant's part.

Here, the military judge asked the trial defense counsel "[w]hat is it about the pretrial restraint that you believe may have been illegal?" Record at 269. Trial defense counsel responded that the issue was one of the appellant's "ability to seek proper mental health treatment while in pretrial confinement." *Id.* In the course of further inquiry on the matter, trial defense counsel informed the military judge that he, in fact, did not believe that the pretrial confinement was illegal and that "we didn't intend to bring the issue in the first place." *Id.* The military judge then engaged in a lengthy inquiry of the appellant to ensure that he understood the requirements of Article 13 and that his waiver of the issue was knowing and voluntary. This inquiry was consistent with *McFayden* and revealed the appellant thoroughly understood the ramifications of declining to petition the court for relief under Article 13, UCMJ. Accordingly, we decline to hold that this waiver violated public policy.

**Sentence Appropriateness**

Arguing that a sentence to eight years of confinement is inappropriate, the appellant petitions this court to reduce confinement to two years.

A military appellate court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ. Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy,* 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959))

After review of the entire record, we find that the sentence is appropriate for this appellant and his offenses. *Healy,* 26 M.J. at 395-96; *Snelling,* 14 M.J. at 268. The appellant forcibly sodomized his seven-month pregnant wife while

4

he covered her mouth to silence her screams.  During the course of this assault, the appellant placed his wife in fear for her life and took steps seemingly intended to eradicate evidence of his crime.  While we acknowledge the appellant's service and the impact that service may have had on his mental and emotional well-being, we also note that the appellant himself negotiated for and accepted a PTA limit of five years confinement.  Considering the entire record, we conclude that justice was done and the appellant received the punishment he deserved.

## Conclusion

We have considered the remaining assignments of error and find they lack merit.  *United States v. Clifton*, 35 M.J. 79, 81-82 (C.M.A. 1992).  Accordingly, the findings and sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court