*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, STEWART, and HOUTZ
Appellate Military Judges

_____

**In Re Joshua G. ANDERSON**
*Petitioner*

**No. 201200499**

Decided: 11 May 2021

Review of Petition for Extraordinary Relief in the Nature of a Writ of
Habeas Corpus

Military Judge:
George W. Riggs

Sentence adjudged 27 July 2012 by a general court-martial convened
at Marine Corps Base Camp Lejeune, North Carolina, consisting of a
military judge sitting alone. Sentence approved by the convening
authority: reduction to E-1, confinement for 30 years, and a dishonor-
able discharge.

For Petitioner:
*Pro Se*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under NMCCA
Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Petitioner seeks extraordinary relief in the nature of a writ of habeas
corpus, asserting that while in pretrial confinement he was subjected to

unlawful pretrial punishment under Article 13, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 813; that the military judge failed to properly inquire into the Article 13 waiver contained in his pretrial agreement, rendering his pleas improvident; and that his trial and appellate counsel were ineffective in failing to identify, advise him about, and litigate the issue. We find he has not met the threshold requirements needed for us to consider the merits of his Petition.

## I. BACKGROUND

In July 2012, Petitioner was convicted, in accordance with his pleas, of conspiracy to rape a child, fraudulent enlistment, rape of a child, indecent liberties with a child, possession of child pornography, distribution of child pornography, using indecent language, communicating a threat, and wearing unauthorized medals or badges, in violation of Articles 81, 83, 120, and 134, UCMJ.

During our direct appellate review of his case, he asserted as assignments of error that three of his guilty pleas lacked sufficient factual basis and two of his convictions were unreasonably multiplied. In June 2013, we set aside his conviction of indecent liberties with a child, affirming its lesser-included offense of indecent act under Article 120(k), UCMJ; affirmed the remaining findings; and, upon reassessment, affirmed the sentence.[1] In November 2013, the Naval Clemency and Parole Board conducted an initial clemency review and denied relief. In December 2013, Petitioner's dishonorable discharge was ordered executed, and his case became final under Article 76, UCMJ.

Four years later, in January 2018, Petitioner filed a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus with this Court, which we denied. He then filed a writ-appeal petition with the Court of Appeals for the Armed Forces [CAAF], which was dismissed for lack of jurisdiction. He filed another Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus with this Court in July 2018, which we denied for lack of jurisdiction. He again filed a writ-appeal petition with CAAF, which was dismissed for lack of jurisdiction in November 2018.

Petitioner then filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the Eastern District of

---

[1] *United States v. Anderson*, No. 201200499, 2013 CCA LEXIS 517 (N-M. Ct. Crim. App. Jun. 27, 2013) (unpublished).

Virginia.[2] In it, he raised substantially the same issues as he raised in his 2018 petitions and again raises in the instant petition. The district court summarily dismissed four of his five claims and requested additional briefing regarding whether Petitioner suffered any prejudice as a result of the military judge's failure to inquire into the specific conditions of Petitioner's pretrial confinement.[3] The district court then considered and dismissed the final claim, finding that the issue had been given full and fair consideration by the military courts and, alternatively, that the claim was without merit because Petitioner's substantial rights were not materially prejudiced by the military judge's failure to conduct a full inquiry under *United States v. McFadyen*[4] into the Article 13 waiver provision of his pretrial agreement.[5] Petitioner then appealed the district court's decision to the U.S. Court of Appeals for the Fourth Circuit, where the case is pending review.

In January 2020, we received a letter from Petitioner with the subject line, "Erroneous Article 66 Review Findings," in which he asserted that "insufficient Article 66 review . . . [had taken] place in [his] case and . . . request[ed] a new Article 66 review and appropriate relief." He also purported to submit a claim under Article 138, UCMJ. We denied his claims for lack of jurisdiction, noting his series of filings and stating that any future filings which failed to provide a prima facie basis for this Court's jurisdiction would be summarily denied.

Petitioner thereafter submitted the instant Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus in March 2021. He asserts that this Court had jurisdiction over his earlier habeas petitions that were dismissed for lack of jurisdiction in 2018, and asserts seven assignments of error encompassing the following issues, which were contained in his earlier filings before this Court and in his federal habeas petition: ineffective assistance of counsel by both his trial and appellate counsel, unlawful pretrial punishment under Article 13, UCMJ, an improvident plea, and that his plea was legally deficient because of the military judge's failure to conduct

---

[2] *Anderson v. Bolster*, No. 1:19cv75 (LO/TCB), 2020 U.S. Dist. LEXIS 156859, *1 (E.D. Va. Aug. 27, 2020).

[3] *Anderson v. Bolster*, No. 1:19cv75 (LO/TCB), 2020 U.S. Dist. LEXIS 38322, *28 (E.D. Va. Mar. 4, 2020).

[4] *United States v. McFadyen,* 51 M.J. 289 (C.A.A.F. 1999).

[5] *Anderson v. Bolster*, 2020 U.S. Dist. LEXIS 156859, at *27-28.

a proper inquiry into the Article 13 waiver provision of his pretrial agreement.

## II. DISCUSSION

Pursuant to the All Writs Act, we must find that the requested writ aids our existing jurisdiction and is "necessary or appropriate."[6] For the writ to aid our existing jurisdiction, the case must fall within our limited statutory jurisdiction and must implicate our defined subject matter jurisdiction.[7] "To establish subject-matter jurisdiction, the harm alleged must have had the potential to directly affect the findings and sentence."[8]

Petitioner's case originally fell within our statutory jurisdiction under Article 66, UCMJ, since the approved sentence includes a dishonorable discharge and confinement for more than one year. Subject matter jurisdiction exists because Petitioner's allegations of unlawful pretrial punishment, a legally deficient plea, and ineffective assistance of counsel have the potential to directly affect the findings and sentence. Following our superior court's decision in *Loving v. United States,* we address both the writ of *coram nobis* and the writ of habeas corpus, as the former is available only when the latter is unavailable.[9]

### A. Writ of Habeas Corpus

In a decision reached in August 2020, *United States v. Jordan*, we overturned *Fisher v. Commander*[10] and held that case finality under Article 76, UCMJ, extinguishes our jurisdiction to entertain petitions for writs of habeas corpus.[11] After *Jordan*, we now follow our sister courts in recognizing that when a case is final under Article 76, UCMJ, a petition for writ of habeas

---

[6] *United States v. Brown*, No. 20-0288, 2021 CAAF LEXIS 164, *5 (C.A.A.F. Feb. 12, 2021).

[7] *Id.*

[8] *Id.* at *6 (quoting *Howell v. United States*, 75 M.J. 386, 389 (C.A.A.F. 2016)) (internal quotation marks omitted).

[9] *See Loving v. United States*, 62 M.J. 235, 251 (C.A.A.F. 2005).

[10] *Fisher v. Commander*, 56 M.J. 691 (N-M. Ct. Crim. App. 2001).

[11] *United States v Jordan*, 80 M.J. 605, 612 (N-M. Ct. Crim. App. 2020). Prior to this decision, we were the only service appellate court whose precedent maintained a claim of jurisdiction to entertain a petition for writ of habeas corpus post-Article 76, UCMJ, finality. *Id.* at 609.

corpus is only appropriate for consideration by Article III courts, not military courts of criminal appeals.[12] Contrary to his assertions, Petitioner's initial clemency review was conducted in November 2013, his dishonorable discharge was subsequently executed, and his case became final under Article 76, UCMJ, in December 2013. Therefore, we do not have jurisdiction to entertain Petitioner's habeas petition, or any future habeas petitions in this matter.

However, we will not summarily deny Petitioner's habeas claims for lack of jurisdiction. Instead, in keeping with our reasoning in *Jordan*, we will evaluate Petitioner's current pro se writ petition as "a *coram nobis* ['before us'] claim."[13]

## B. Writ of *Coram Nobis*

While there is reason to question whether jurisdiction for *coram nobis* review survives case finality under Article 76, UCMJ,[14] assuming we have jurisdiction, Petitioner fails to show that he is entitled to such extraordinary relief. *Coram nobis* review generally "permits continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review, but only under very limited circumstances."[15] It is available only where "an error is based upon facts that were not apparent to the court during the original consideration of the case and that may change the result."[16] Before we will

---

[12] *See, e.g., Chapman v. United States*, 75 M.J. 598, 601–02 (A.F. Ct. Crim. App. 2016).

[13] *Jordan*, 80 M.J. at 612.

[14] *See United States v. Gray*, 77 M.J. 5, 6 (C.A.A.F. 2017) ("In the absence of any statutory authority to provide extraordinary relief for a capital case that is final for all purposes under the UCMJ, we lack jurisdiction to hear Appellant's writ-appeal petition for *coram nobis*."); *but see United States v. Denedo*, 556 U.S. 904, 917 (2009) (holding that notwithstanding case finality under Article 76, UCMJ, like Article III courts, "Article I military courts have jurisdiction to entertain *coram nobis* petitions to consider allegations that an earlier judgment of conviction was flawed in a fundamental respect."). Adhering to the Supreme Court's holding in *Denedo*, we view our superior court's discussion of *coram nobis* jurisdiction in *Gray* as limited to the facts of the capital case it addressed.

[15] *Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)) (internal quotation marks omitted).

[16] *Burleson v. United States*, No. 200700143, 2018 CCA LEXIS 87, *6 (N-M. Ct. Crim. App. Feb. 26, 2018).

consider the merits of such a claim, a petitioner must meet six "stringent threshold requirements" set forth by *Denedo v. United States*:

(1) the alleged error is of the most fundamental character;

(2) no remedy other than *coram nobis* is available to rectify the consequences of the error;

(3) valid reasons exist for not seeking relief earlier;

(4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment;

(5) the writ does not seek to reevaluate previously considered evidence or legal issues; and

(6) the sentence has been served, but the consequences of the erroneous conviction persist.[17]

Here, Petitioner fails to meet at least three of these threshold requirements. First, Petitioner's sentence of 30 years' confinement has not yet been fully served. Because Petitioner "is still in confinement, *coram nobis* relief is unavailable."[18] Second, there is an available remedy other than *coram nobis* to address and potentially rectify any alleged error. As noted above, once a case is final under Article 76, UCMJ, the military courts of criminal appeals no longer have jurisdiction to entertain a petition for writ of habeas corpus, but Article III courts do.[19] Petitioner has availed himself of this avenue for relief, filed a habeas petition in the U.S. District Court for the Eastern District of Virginia, and is currently pursuing an appeal of that court's ruling with the U.S. Court of Appeals for the Fourth Circuit.[20] Third, the claims Petitioner now raises are requests for us to reevaluate legal issues and evidence previously considered by the district court pursuant to Petitioner's habeas petition, which are also, as that court recognized, "the same five

---

[17] *Denedo*, 66 M.J. at 126 (reformatted).

[18] *Gray*, 77 M.J. at 6.

[19] *Id.* (stating that "an extraordinary remedy [such as *coram nobis*] may not issue when alternative remedies, such as habeas corpus, are available").

[20] Pet. at 6–7 (stating that Petitioner "filed with the United States Fourth Circuit Court of Appeals on 4 December 2020 . . . and that case remains pending before the court.").

grounds he raised in his petition for writ [of habeas corpus] before the military courts" in 2018.[21]

Petitioner's failure to meet all of the threshold requirements under *Denedo* precludes any additional consideration of his substantive claims for relief via a writ of *coram nobis*. We therefore do not reach the merits of his claims.

## III. Conclusion

After careful consideration of Petitioner's filing, his petition for extraordinary relief is **DENIED**. Any further petitions will be summarily denied.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[21] *Anderson*, 2020 U.S. Dist. LEXIS 156859, at *5–6.