*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, HOUTZ, and MYERS
Appellate Military Judges

———————————

**UNITED STATES**
*Appellee*

**v.**

**Justin T. BARMEYER**
Private First Class (E-2), U.S. Marine Corps
*Appellant*

**No. 202000169**

Decided: 5 January 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Lawrence C. Lee (arraignment)
Andrea C. Goode (motions and trial)

Sentence adjudged 26 May 2020 by a general court-martial convened at
Marine Corps Base Camp Pendleton, California, consisting of a military
judge sitting alone. Sentence in the Entry of Judgment: reduction to
E-1, confinement for 49 months, and a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Commander Hannah Eaves, JAGC, USN*

---

[1] The military judge ordered 328 days of confinement credit—including 30 days for
illegal pretrial punishment in violation of Article 13, Uniform Code of Military Justice
[UCMJ], 10 U.S.C. § 813—against Appellant's adjudged term of confinement.

For Appellee:
*Captain Nicole A. Rimal, USMC*
*Major Kerry E. Friedewald, USMC*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of fraudulent enlistment, willfully disobeying a superior commissioned officer, wrongful use of controlled substances, attempting to transport and transporting illegal aliens within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), and disrespect toward sentinels, in violation of Articles 80, 83, 90, 95a, 112a, and 134, UCMJ. He asserts two assignments of error: (1) the military judge erred in denying Appellant's waiver of his rights under Article 13, UCMJ, creating a delay that prompted the Government to rethink its commitment to Appellant's beneficial pretrial agreement and subsequently withdraw from it for no valid reason; and (2) the military judge erred by allowing the convening authority to withdraw from the initial pretrial agreement after Appellant had begun substantial performance of his promises under that agreement. We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant had a checkered two years of service in the United States Marine Corps. In June 2018, he procured his enlistment through fraud by failing to disclose prior marijuana use. From December 2018 through the summer of 2019, he wrongfully used marijuana, methylenedioxymethamphetamine, lysergic acid diethylamide, and cocaine. During this time, he also became involved in transporting illegal aliens from the Mexican border to Los Angeles, California, which he did on four occasions for the purpose of receiving between $500 and $1000 until he was apprehended by the U.S. Border Patrol.

Appellant was charged with these and other offenses, to include the sexual assault of a child under the age of 16 years, "Jennifer."[2] After the charges were referred to general court-martial, Appellant signed a pretrial agreement with the convening authority in which he agreed to plead guilty to various offenses—excluding the sexual assault of Jennifer—in exchange for suspension of any adjudged confinement in excess of 42 months. The agreement also provided that if Appellant committed any further misconduct, the convening authority could withdraw from the agreement.

At the Article 39(a), UCMJ, session conducted to receive Appellant's guilty pleas, the military judge asked if the Defense wanted to raise any motions, to include a motion regarding illegal pretrial punishment under Article 13, UCMJ. Appellant's trial defense counsel told the military judge he had concerns about potential Article 13 violations while Appellant was in pretrial confinement, but intended to present those issues as evidence in mitigation during sentencing. He went on to state, "I did not file a motion because of certain representations made by the Government; that if any motions were filed, that they would pull out of the agreement."[3] Upon hearing this, rather than proceed with Appellant's guilty pleas and sentencing, the military judge denied the Defense request to waive Appellant's Article 13 claims, directed the parties to brief the Article 13 issue (including the waiver issue), and scheduled a hearing four days later to address it.

At the following Article 39(a) session, the military judge stated the previous session had been cut short due to her concern about "whether there was a meeting of the minds between the parties with regards to defense counsel's ability to file an Article 13 motion and still retain the benefit of the pretrial agreement."[4] Noting that the pretrial agreement contained no provision waiving Appellant's right to file motions, she expressed her concern about whether Appellant's waiver of his Article 13 claims was knowing and intelligent under the circumstances. As the Defense had filed a motion on the Article 13 issue, the military judge then asked whether Appellant wanted her to consider the motion or wished to waive his Article 13 claims. Appellant's trial defense counsel

---

[2] All names in this opinion, other than those of Appellant, the judges, and counsel, are pseudonyms.

[3] R. at 50.

[4] R. at 56, 168.

stated that Appellant "want[ed to] continue and move forward with the motion."[5] Appellant testified in support of the motion, and the military judge awarded 30 days' confinement credit under Article 13.

Among the Article 13 issues litigated was Appellant's claim that he did not receive timely treatment for a sexually transmitted infection [STI] while in pretrial confinement. Upon learning about Appellant's STI, the trial counsel conveyed this information to the mother of Jennifer, the alleged victim of the sexual assault charge. When Jennifer subsequently tested positive for the same STI, she withdrew her support for the pretrial agreement and expressed her desire to participate in Appellant's court-martial. The convening authority then withdrew from the pretrial agreement.

The Defense filed a motion to compel specific performance of the pretrial agreement, which was litigated at a third Article 39(a) session. At the hearing, the military judge found that Appellant had begun performance under the pretrial agreement by entering into a stipulation of fact and announcing his forum selection. She reserved ruling on whether Appellant had failed to fulfill any material promise or condition of the agreement, which would have permitted the convening authority to withdraw from it. She set a deadline for the parties to submit additional evidence bearing on this issue and scheduled an additional Article 39(a) session to address it.

Prior to that Article 39(a) session, evidence surfaced that Appellant had committed additional misconduct after signing the pretrial agreement by disrespecting sentinels on several occasions while in pretrial confinement. An additional charge with four specifications of violation of Article 95a, UCMJ, was preferred alleging this misconduct.

Appellant then elected to sign a new plea agreement[6] with the convening authority, and did so before the military judge ruled on the Defense motion to compel specific performance of the original pretrial agreement. In the new plea agreement, Appellant agreed to plead guilty to various offenses—excluding the sexual assault of Jennifer but including the additional specifications of disrespecting a sentinel—and agreed to increase his sentence exposure from the original maximum of 42 months' unsuspended confinement to a new range of

---

[5] *Id.* at 58.

[6] "Plea" agreements replaced "pretrial" agreements under the Military Justice Act of 2016. Where the charged offenses both predate and postdate 1 January 2019, an accused may elect to opt-in to the new sentencing rules and procedures, as Appellant did in this case. *See* Article 53, UCMJ; Rule for Courts-Martial [R.C.M.] 705.

42 to 120 months. He also "specifically agree[d] to waive all motions except those that are non-waivable pursuant to R.C.M. 705(c)(1)(B) or otherwise."[7]

At the subsequent Article 39(a) session conducted to receive Appellant's guilty pleas, the military judge engaged in a detailed colloquy with Appellant regarding the terms of the new plea agreement—in particular, his understanding that he was waiving his motion to compel specific performance of the original pretrial agreement, on which she had not yet ruled. She asked Appellant if he understood that under the new plea agreement he was "agreeing to waive that motion," and he responded, "Yes, ma'am."[8] She asked about several other Defense motions that had been filed, and he confirmed his understanding that he was waiving them as well under the new agreement. She asked whether the new plea agreement's waive-all-waivable-motions provision was something he had "freely and voluntarily agree[d] to . . . in order to receive what [he] believed to be a beneficial agreement," and he responded, "Yes, ma'am."[9] She then asked a final time whether he understood that by that provision he was waiving his motion for specific performance of the original pretrial agreement, and he responded, "Yes, ma'am."[10]

The military judge found Appellant's guilty pleas were "made voluntarily and with full knowledge of [their] meaning and effect," and accepted them.[11] After receiving sentencing evidence, she sentenced him to reduction to E-1, confinement for 49 months, and a bad-conduct discharge.

## II. DISCUSSION

Appellant asserts the military judge erred by not allowing him to waive his Article 13 claims and by allowing the convening authority to withdraw from the original pretrial agreement after Appellant had begun substantial performance under it. We find Appellant affirmatively waived these issues.

"Whether an appellant has waived an issue is a legal question that this Court reviews de novo. Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional

---

[7] App. Ex. XIX at 8.

[8] R. at 388.

[9] R. at 393.

[10] R. at 395.

[11] R. at 404.

relinquishment or abandonment of a known right."[12] We generally do not review waived issues because "a valid waiver leaves no error for us to correct on appeal."[13]

Appellant freely and voluntarily entered into the second plea agreement, knowing that the military judge had yet to rule on the Defense motion for specific performance of the earlier agreement. He did so with full knowledge that the new agreement contained a waiver-of-motions provision that would result in a waiver of his motion for specific performance.[14] He confirmed to the military judge multiple times that he understood this provision and had agreed to it in order to receive the benefits of the new agreement. He then pleaded guilty unconditionally in accordance with the terms of the new agreement. Our superior court has found affirmative waiver under similar circumstances.[15] We do so here.

We recognize that our duty under Article 66, UCMJ, to approve only findings and sentences that "should be approved" gives us the power to decide "whether to leave an accused's waiver intact, or to correct error."[16] In this case we leave the waiver intact because even if we were to review the merits of Appellant's claims, we would find no error.

A military judge's decision to accept (or reject) a guilty plea is reviewed for abuse of discretion.[17] Article 45, UCMJ, requires that if an accused appears to have entered a plea of guilty through "a lack of understanding of its meaning

---

[12] *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020) (citations and internal quotation marks omitted).

[13] *Id.* (quoting *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).

[14] Appellant does not assert, nor do we find, that he could not as a matter of law waive his desire for specific performance of the initial pretrial agreement. While certain legal rights and issues cannot be waived under a plea agreement, the right to specific performance of an earlier pretrial agreement is not one of them. *See* R.C.M. 705(c)(1)(B); R.C.M. 905–907; *United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009) (stating that absent an explicit prohibition, a party may knowingly and voluntarily waive essentially any nonconstitutional right under a pretrial agreement).

[15] *See Gladue*, 67 M.J. at 314 (finding pretrial agreement's express waiver of any waivable motions waived subsequent appellate claims of multiplicity and unreasonable multiplication of charges).

[16] *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016).

[17] *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

and effect, the court shall proceed as though he had pleaded not guilty."[18] And as our sister court has stated, "the gravity of pleading guilty is such that the Supreme Court mandated the Constitutional requirement that any guilty plea must be entered into voluntarily, knowingly, and with an understanding of the surrounding circumstances and likely consequences."[19] As such, before a military judge may accept a pretrial (or plea) agreement, "the accused must know and understand not only the agreement's impact on the charges and specifications which bear on the plea . . . but also other terms of the agreement, including the consequences of future misconduct or waiver of various rights."[20] With respect to Article 13 waivers, the military judge must inquire into "the circumstances of the pretrial confinement and the voluntariness of the waiver, and ensure that the accused understands the remedy to which he would be entitled" should his motion be successful.[21]

Based on these principles, we find no abuse of discretion in the military judge's declining to accept Appellant's waiver of his Article 13 rights at the initial guilty plea hearing. Faced with an apparent difference of understanding between the parties as to whether Appellant could file an Article 13 motion and the possibility of an impermissible *sub rosa* agreement,[22] the military judge properly determined there was reason to doubt whether Appellant's waiver decision was knowing and voluntary. She appropriately refused to allow Appellant to plead guilty until she could gain further clarity on the issue through briefing by the parties. She then ascertained at the following Article 39(a) session that Appellant did indeed wish to pursue his Article 13 claims, as opposed to waiving them, which ultimately afforded a benefit to Appellant in the form of 30 days' confinement credit.

---

[18] 10 U.S.C. § 845; *see also United States v. Outhier*, 45 M.J. 326, 328–29 (C.A.A.F. 1996) (suggesting inconsistencies in a plea must be resolved by the military judge, or the pleas must be deemed improvident).

[19] *United States v. Grisham*, 66 M.J. 501, 504 (A. Ct. Crim. App. 2008) (citing *Santobello v. New York*, 404 U.S. 257, 262–63 (1971)).

[20] *United States v. Hunter*, 65 M.J. 399, 403 (C.A.A.F. 2008).

[21] *United States v. McFayden*, 51 M.J. 289, 291 (C.A.A.F. 1999); *see also United States v. Felder*, 59 M.J. 444, 445–46 (C.A.A.F. 2004).

[22] *See* R.C.M. 705(e)(2) (stating with respect to pretrial agreements that "all terms, conditions, and promises between the parties shall be written"); *United States v. McLeod*, No. NMCM 97 01345, 1999 CCA LEXIS 18, *11 (N-M. Ct. Crim. App. Jan. 26, 1999) (explaining the rationale for the prohibition of *sub rosa* agreements).

Nor did the military judge allow the convening authority to withdraw from the initial pretrial agreement, as Appellant claims. Rather, Appellant retained the right to litigate to its conclusion his motion for specific performance of the earlier agreement. Instead, having committed additional misconduct (in potential breach of that agreement), Appellant freely and voluntarily chose to forgo that right and enter into a new plea agreement that effectively withdrew his motion for specific performance.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[23]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[23] Articles 59 & 66, UCMJ.